# United States District Court
# Central District of California

**\*\*AMENDED JUDGMENT\*\***　　JS - 3

| UNITED STATES OF AMERICA vs. | Docket No. CR 11-1156-FMO |
|---|---|

| Defendant | DENIS AVILES SALGUERO | Social Security No. 3 4 0 5 |
|---|---|---|
| akas: | Denis A. Salguero; Davis A. Aviles Salguero; Denis Alfredo Aviles Salguero; Denis Alfredo Aviles-Salguero; Alfredo Aviles-Salguero; Aviles Salguero Dennis; "demonios13_6" | (Last 4 digits) |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.　　MONTH 08　DAY 18　YEAR 2016

**COUNSEL**　　Marcia J. Brewer, CJA Attorney
(Name of Counsel)

**FINDING**　　There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:

**Counts 1-17:** Distribution/Attempted Distribution of Child Pornography - 18 U.S.C. § 2252A(a)(2), (b)(1)
**Count 18:** Receipt of Child Pornography - 18 U.S.C. § 2252A(a)(2), (b)(1)
**Count 19:** Possession of Child Pornography - 18 U.S.C. § 2252A(a)(5)(B), (b)(2)

**JUDGMENT AND PROB/ COMM ORDER**　　The court inquires as to whether there is any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered as follows:

Defendant is committed to the custody of the Bureau of Prisons for a term of **145 months** on Counts 1 through 19 of the Indictment. The court recommends to the Bureau of Prisons that defendant be designated to the Terminal Island Federal Facility. The court also recommends that defendant participate in any mental health treatment programs available at the facility to which he is designated.

Upon release from imprisonment, defendant shall be placed on supervised release for a term of **15 years** on each of Counts 1 through 19, all such terms to run concurrently, under the following terms and conditions:

1. Defendant shall comply with the rules and regulations of the United States Probation Office and General Order 05-02.

2. Defendant shall not commit any violation of local, state, or federal law or ordinance.

3. During the period of community supervision, defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

4. When not employed or excused by the Probation Officer for schooling, training, or other acceptable reasons, defendant shall perform 20 hours of community service per week as directed by the Probation Office.

5. Defendant shall comply with the immigration rules and regulations of the United States, and if deported from this country, either voluntarily or involuntarily, not re-enter the United States illegally. Defendant is

not required to report to the Probation Office when residing outside of the United States; however, within 72 hours of release from any custody or any re-entry to the United States during the period of Court-ordered supervision, defendant shall report for instructions to the United States Probation Office located the United States Courthouse, 312 N. Spring Street, Room 600, Los Angeles, California 90012.

6. Defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where he resides, where he is an employee, and where he is a student, to the extent the registration procedures have been established in each jurisdiction. When registering for the first time, defendant shall also register in the jurisdiction in which the conviction occurred if different from his jurisdiction of residence. Defendant shall provide proof of registration to the Probation Officer within three days of release from imprisonment.

7. Immediately following sentencing, defendant shall report directly to the Probation Office for instructions regarding the registration requirements created by the Adam Walsh Child Protection and Safety Act of 2006.

8. Defendant shall participate in a psychological counseling or psychiatric treatment or a sex offender treatment program, as approved and directed by the Probation Officer.  Defendant shall abide by all rules, requirements, and conditions of such program.  The Probation Officer shall disclose the pre-sentence report or any previous mental health evaluations or reports to the treatment provider.

9. As directed by the Probation Officer, defendant shall pay all or part of the costs of treating defendant's psychological/psychiatric disorder to the aftercare contractor during the period of community supervision, pursuant to Title 18, United States Code, Section 3672. Defendant shall provide payment and proof of payment, as directed by the Probation Officer.

10. Defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall he open or maintain a post office box, without the prior approval of the Probation Officer.

11. Defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games depicting and/or describing "sexually explicit conduct", as defined at Title 18, United States Code, Section 2256(2).

12. Defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in Title 18, United States Code, Section 2256(8); this condition does not prohibit defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit him from possessing materials prepared or used for the purposes of his Court-mandated sex offender treatment, when defendant's treatment provider or the Probation Officer has approved of his possession of the materials in advance.

13. Defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.

14. Defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that defendant notify said parent or legal guardian of his conviction in the instant offense/prior offense. This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must deal with in order to obtain ordinary and usual

commercial services.

15. Defendant shall not affiliate with, own, control, volunteer and/or be employed in any capacity by a business and/or organization that causes him to regularly contact persons under the age of 18.

16. Defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer. Defendant shall submit the name and address of the proposed employer to the Probation Officer at least 10 days prior to any scheduled change.

17. Defendant shall possess and use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers ("ISPs"), which have been disclosed to the Probation Officer upon commencement of supervision. Any changes or additions are to be disclosed to the Probation Officer prior to the first use. Computers and computer-related devices are personal computers, electronic games, cellular telephones, and digital storage media, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers.

18. All computers, computer-related devices, and their peripheral equipment, used by defendant, shall be subject to search and seizure. This shall not apply to items used at defendant's employment site, which are maintained and monitored by the employer.

19. Defendant shall comply with the rules and regulations of the Computer Monitoring Program. Defendant shall pay the cost of the Computer Monitoring Program, in an amount not to exceed $32 per month per device connected to the internet.

20. Defendant shall submit to a search, at any time, with or without warrant, and by any law enforcement or Probation Officer, of defendant's person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects upon reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

21. Defendant shall cooperate in the collection of a DNA sample from defendant.

Defendant shall pay to the United States a special assessment of $1,900, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. All fines are waived as the Court finds that defendant has established that he is unable to pay and is not likely to become able to pay any fine.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| October 2, 2018 | *Fernando M. Olguin* |
|---|---|
| Date | FERNANDO M. OLGUIN |
| | U. S. District Judge |

USA vs. DENIS AVILES SALGUERO     Docket No.:  CR 11-1156-FMO

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

October 2, 2018     By     /s/ Vanessa Figueroa
Filed Date                Deputy Clerk

---

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐     The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

| USA vs. | DENIS AVILES SALGUERO | Docket No.: | CR 11-1156-FMO |

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____  By _____
Date                Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____  By _____
Filed Date          Deputy Clerk

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____            _____
          Defendant                   Date

_____                        _____
U. S. Probation Officer/Designated Witness    Date